IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| HENRY LONDON, <br> Inmate ID #P00194069, <br><br> Plaintiff, <br><br> v. <br><br> FORT BEND COUNTY SHERIFF'S <br> DEPARTMENT, et al., <br><br> Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. H-14-3381 |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Henry London (Inmate ID #P00194069), is currently in custody at the Fort Bend County Jail. London has filed a Civil Complaint under 42 U.S.C. § 1983 alleging violations of his civil rights (Docket Entry No. 1). Although the court previously dismissed this action for want of prosecution, it will reopen the case to consider a recently filed More Definite Statement of London's claims (Docket Entry No. 19). Because London is a prisoner, the court is required to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). After reviewing all of the pleadings the court will dismiss this action for the reasons explained below.

## I. Background

London suffers from Type II diabetes for which he takes insulin. (Docket Entry No. 19, p. 1) London describes the type of insulin that he takes as "fast acting." (Id. at 2.) It reportedly starts working to lower blood sugar 15 to 20 minutes after it is taken. (Id.) So that his blood sugar does not get too low, London ordinarily eats a meal soon after he takes his insulin. (Id.)

On November 3, 2014, London received his insulin shot at about 3:50 a.m. (Docket Entry No. 1, p. 3) At about 4:23 a.m. Sergeant Brady gave London a "snack bag for [his] diabetes." (Id.) However, London was not given a regular breakfast meal. When London complained Sergeant Brady reportedly replied that London was diabetic and "did not need any cereal." (Id.) When London complained about the lack of breakfast to the officer on duty (Deputy Leal), the officer responded that he did not "give a fuck." (Id.)

After London was denied a breakfast meal, he reportedly became "light headed and felt faint." (Docket Entry No. 19, p. 3) Another inmate gave him "a pack of cookies" to bring London's blood sugar level up. (Id.) Although he did not suffer physical harm, London claims that the incident caused him to suffer mental distress because "diabetes can and will cause death if not taken care of." (Id.)

By refusing to give him a breakfast meal on November 3, 2014, London claims that Sergeant Brady and Deputy Leal violated his constitutional rights. ([Amended] Complaint Under 42 U.S.C.

-2-

§ 1983, Civil Rights Act, Docket Entry No. 6, p. 3) London also claims that Fort Bend County Sheriff Nehls failed to adequately train these officers on the importance of providing a meal to insulin-dependent diabetic inmates. (Id.) London contends, therefore, that the Fort Bend County Sheriff's Department is liable for depriving him of his constitutionally protected rights. (Id.) London seeks $10 million in compensatory damages. (Id. at 4.)

## II. Discussion

### A. Lack of Capacity

As an initial matter, the Fort Bend County Sheriff's Department must be dismissed because it is not amenable to suit. A party to a lawsuit must have the capacity to sue or be sued. See Fed. R. Civ. P. 17; Maxwell v. Henry, 815 F. Supp. 213, 215 (S.D. Tex. 1993). Texas law does not allow a county or municipal police department to sue or be sued directly unless it "enjoy[s] a separate legal existence." Darby v. Pasadena Police Dept., 939 F.2d 311, 313 (5th Cir. 1991) (internal quotation and citation omitted). London does not allege facts showing that the Fort Bend County Sheriff's Department has been granted legal existence that is separate from Fort Bend County or that it otherwise qualifies as an entity with capacity to sue or be sued. See Jacobs v. Port Neches Police Dept., 915 F. Supp. 842, 844 (E.D. Tex. 1996) (noting that a Texas county sheriff's department is not a legal entity capable of being sued "absent express action by the superior corporation (the county, in the case of the sheriff's

department) 'to grant the servient agency with jural authority'") (quoting Darby, 939 F.2d at 313-14)). To the extent that the Fort Bend County Sheriff's Department lacks capacity to be sued, London's claims against this defendant will be dismissed as legally frivolous.

B.  **Failure to State a Claim**

London's allegations against the remaining defendants cannot sustain a claim for damages. London admits in his more definite statement that he "did not suffer any physical injury" as a result of not receiving a breakfast meal on November 3, 2014, and that he did not seek medical care as a result of that incident. (Docket Entry No. 19, p. 3) Instead, he seeks damages for "more of a mental injury." (Id.)

This case is governed by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), which bars prisoners from filing suit "for mental or emotional injury suffered while in custody without a prior showing of physical injury." In other words, allegations of "mental anguish, emotional distress, [or] psychological harm" are barred by § 1997e(e). See Geiger v. Jowers, 404 F.3d 371, 374 (5th Cir. 2005). Because London did not suffer a physical injury, his complaint is barred by § 1997e(e) and will be dismissed for failure to state a claim upon which relief can be granted.

Alternatively, to the extent that the complaint could be construed to seek relief other than compensatory damages, London still fails to state a claim. London concedes in his more definite

-4-

statement that he was only denied a breakfast meal on one occasion. (Docket Entry No. 19, p. 4) London's allegation that he was denied a breakfast meal on one occasion does not give rise to a constitutional violation. See Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (holding that denial of dinner on eight occasions over a seven-month span failed to establish an Eighth Amendment violation). For this additional reason, the complaint must be dismissed for failure to state a claim.

### III. Conclusion

Based on the foregoing, the court **ORDERS** as follows:

1. The Order of Dismissal for want of prosecution (Docket Entry No. 15) is **VACATED**.

2. Plaintiff's Civil Complaint (Docket Entry No. 1) is **DISMISSED with prejudice** under 28 U.S.C. § 1915A(b) as legally frivolous and for failure to state a claim.

The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the parties. The Clerk will also provide a copy of this Memorandum Opinion and Order by regular mail, facsimile transmission, or e-mail to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-Strikes List.

SIGNED at Houston, Texas, on this 14th day of July, 2015.

SIM LAKE
UNITED STATES DISTRICT JUDGE